Appellant, Gerald Webb appeals a judgment of the Common Pleas Court of Allen County finding Appellant to be a sexual predator, pursuant to R.C. Chapter 2950. Specifically, Appellant argues that R.C. Chapter 2950 violates his constitutional rights under Section 1, Article I, and Section 16, Article I of the Ohio Constitution. For the reasons expressed in the following opinion, we affirm the judgment of the trial court.
On September 11, 1985, Appellant was convicted of two counts of gross sexual imposition, and three counts of rape, pursuant to R.C. 2907.05 and 2907.02, respectively. Thereafter, the Ohio Department of Rehabilitation and Corrections recommended to the court that Appellant be adjudicated a sexual predator. On April 1, 1999, the Common Pleas Court of Allen County, pursuant to R.C.2950.09(C), conducted a hearing to determine Appellant's status as a sexual predator.
After properly considering the evidence and the relevant factors contained in R.C. 2950.09(B) (2), the court determined, by clear and convincing evidence, that Appellant is a sexual predator. A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).
As a sexual predator, Appellant is required to register and verify his residence with the county sheriff every ninety days for the remainder of his life. R.C. 2950.06(B) (1), R.C.2950.07(B) (1). Further, the sheriff with whom Appellant registers, is required to notify certain community members of Appellant's name, address, the sexually oriented offense for which he was convicted, and Appellant's status as a sexual offender. R.C. 2950.11(A),(B).
Appellant now appeals the judgment of the trial court, assigning one error for our review.
 Whether O.R.C. Chapter 2950 et. sec. (sic) violates Defendant's constitutional rights under Article 1 Section 1 of the Ohio Constitution and Article 1 Section 16 of the Ohio Constitution.
In 1997, H.B. 180, also known as Megan's law, established a new classification, registration, and community notification system for sex offenders. State v. Cook, 83 Ohio St.3d 404, 407. Under this new system, sex offenders must first be classified as: 1) sexually oriented offenders; 2) habitual sex offenders; or 3) sexual predators. Id. at 407; R.C. 2950.09. The sex offenders' classification status determines the length and nature of the registration requirements, and whether the community notification requirements are applicable.
In determining whether a sex offender is a sexual predator, a judge shall consider all relevant factors, including, but not limited to, the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B) (2)
Appellant does not argue on appeal that the trial court judge misapplied the factors set forth in R.C. 2950.09(B) (2). Rather, Appellant argues that R.C. Chapter 2950 is unconstitutional, violating Section 1, Article I, and Section 16, Article I of the Ohio Constitution.
In Cook, The Supreme Court of Ohio reviewed the constitutionality of R.C. Chapter 2950. Specifically, the court reviewed R.C. 2950.09(B), which addresses the classification of sex offenders. The issue was whether R.C. 2950.09(B), as applied to conduct occurring prior to the enactment of the statute, violated the Retroactivity Clause of Section 28, Article II, or the Ex Post Facto Clause of Section 10, Article I of the Ohio Constitution. In a unanimous decision, the Court held that R.C.2950.09(B) does not violate either clause of the Ohio Constitution. Cook, 86 Ohio St.3d 404. In dicta, the Court also stated that the address verification, registration, and community notification requirements of R.C. Chapter 2950, are constitutional.
Subsequent to the Cook decision, the Eleventh District Court of Appeals reviewed the constitutionality of R.C. Chapter 2950.State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal granted (1999), 86 Ohio St.3d 1406. In Williams, the appellate court held R.C. Chapter 2950 to be unconstitutional on separate grounds not addressed in Cook. The Williams court held that the address verification, registration, and community notification requirements of R.C. Chapter 2950 violate Section 1, Article I of the Ohio Constitution.
Pursuant to Williams, Appellant argues that the registration, verification, and community notification requirements are unduly burdensome, and an unreasonable use of the State's police power. In Benjamin v. Columbus (1957), 167 Ohio St. 103, The Supreme Court of Ohio stated:
 Almost every exercise of the police power will necessarily either interfere with the enjoyment of liberty or the acquisition, possession and production of property, within the meaning of Section 1 of Article I of the Ohio Constitution, or involve an injury to a person within the meaning of Section 16 of Article I of that Constitution, or deprive a person of property within the meaning of Section 1 of Article XIV of the Amendments to the Constitution of the United States. Nevertheless, it is well settled that an exercise of the police power having such an effect will be valid if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary. (Emphasis added).
Id. at 110, citing City of Piqua v. Zimmerlin,35 Ohio St. 507, 511.
In Cook, The Supreme Court of Ohio stated that R.C. Chapter 2950 does bear a real and substantial relationship to protecting the general welfare of the public. Cook, 86 Ohio St.3d at 427. The court, however, did not directly address the second prong of the Benjamin test. In Williams, the appellate court did address the second prong in Benjamin, and held that R.C. Chapter 2950 is an unreasonable, and arbitrary use of the State's legislative police powers. We respectfully disagree.
The Supreme Court, in Cook, addressing the issue of whether the registration and community notification provisions constituted an affirmative disability or restraint, determined that "the inconvenience of registration is a de minimis administrative requirement." Cook, at 418. With respect to the community notification requirements, the Court pointed out that the burden of dissemination of the information falls not on the defendant, but upon law enforcement, and that while the information could be embarrassing to a defendant, "the importance of public access prevails over the detrimental effect that the release of derogatory information may have on a defendant." Cook, at 419.
Although only dicta, the Court in Cook forcefully stated that the registration, address verification, and community notification requirements of R.C. Chapter 2950, are constitutional. In doing so, the Court balanced the interests of the public against the well being and reputation of sex offenders. We find the Supreme Court's discussion of the constitutional considerations in Cook to be persuasive that R.C. Chapter 2950 is constitutional in its entirety. Therefore, we hold that R.C. Chapter 2950 does not violate Section 1, Article I, or Section 16, Article I of the Ohio Constitution.
Accordingly, Appellant's assignment of error is not well taken and is overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and HADLEY, In., concur.